BERRY DAVIS

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

CRIMINAL LAW—*self-defense.* It is not true, as a matter of law, that, where one menaces, and threatens to strike, and does strike another with his hand or fist, the latter is not, in any case, justified in using a deadly weapon upon the assailant. Whether the use of such weapon is justified, must depend upon the fact whether the party was in imminent peril of receiving great bodily harm, or had reasonable ground to so believe, and that such act was necessary to prevent the same.

WRIT OF ERROR to the Circuit Court of Clark county; the Hon. OLIVER L. DAVIS, Judge, presiding.

Messrs. ROBINSON, KNAPP & SHUTT, and Messrs. WHITE-HEAD & JONES, for the plaintiff in error.

Mr. JAMES K. EDSALL, Attorney General, for the People.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

At the April term, 1877, of the Clark circuit court, plaintiff in error was convicted of the crime of manslaughter, and sentenced to the penitentiary for three years. He brings the record here, and assigns various errors,—the first one of which is, that the record does not show that the indictment was

returned into open court by the grand jury. The amended record, which has been filed, shows that the grand jury brought the indictment into open court, and removes any foundation for this objection.

It is assigned for error that the court gave to the jury, on behalf of the people, erroneous instructions.

., Among the instructions given for the people was the following :

"6. Although the deceased may have menaced and threatened to assault, and did strike the defendant with his hand or fists, the defendant was not justified in resorting to a deadly weapon, if it has been proved he did resort to such weapon, and using it in such a manner as to produce death. Before a person can be justified in resorting to a deadly weapon, and using it in a deadly manner, it must appear that he was in imminent peril of death or great bodily harm, or that a reasonable man, under like circumstances, would have reasonable grounds to believe that he was in peril of losing his life or sustaining great bodily harm, and that he could not otherwise reasonably have saved his life, or his person from great bodily harm."

There was error in giving the first clause of this instruction. It is absolute in form, in no way qualified by any reference to the last clause. It virtually declares that, under the circumstances of the assault which was here made upon the defendant, he was not justified in resorting to the use of a deadly weapon.

It takes from the jury all consideration of whether the defendant was in imminent peril of receiving great bodily harm, or had reasonable ground to so believe, and that the use of a deadly weapon in the manner stated was necessary to prevent his receiving great bodily harm, and the court itself decides this question of fact for the jury in the negative, by telling them that an attack with the fists did not justify the use of a deadly weapon in such a manner as to produce death. That

is not to be affirmed as matter of law. And certainly it can not be asserted that the evidence was not sufficient to raise a fair question upon the subject for the consideration of the jury.

This error being sufficient for the reversal of the judgment, it is unnecessary to consider any others which are assigned.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*